**BRUCE A. BLAKEMAN**
**County Executive**

**THOMAS A. ADAMS**
**County Attorney**

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

September 22, 2026

Hon. James M. Wicks
United States District Court
Eastern District of New York
Central Islip, New York

Re: *Bartolotti v. Nassau County, et. al.*
***2:26-cv-00421-JMA-JMW***

Dear Judge Wicks:

The undersigned represents Defendant County of Nassau (the "County") in the above-referenced action. The County writes pursuant to this Court's 9/15/2026 Order requesting that the Court accept the County's Answer to the Amended Complaint, filed only 6 six days after the deadline set by the Federal Rules, and to respectfully oppose the *sua sponte* entry of default against the County. As set forth below, the governing standard under *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993), and its progeny strongly favors accepting the late-filed Answer and resolving this case on the merits.

**The Lenient Enron "Good Cause" Standard Governs and Favors Accepting the Late Answer**

Under Rule 15(a)(3), a response to an amended pleading generally must be filed within fourteen days after service of the amended pleading, unless the court orders otherwise. See Fed. R. Civ. P. 15(a)(3). Where, as here, a defendant misses that deadline but promptly moves to file a belated answer before any default judgment has been entered, the Second Circuit's decision in *Enron Oil Corp. v. Diakuhara* supplies the governing framework, and that framework is highly favorable to the County.

*Enron* establishes a strong presumption in favor of the defaulting party. The Second Circuit has repeatedly emphasized the "preference for resolving disputes on the merits." See *Peoples v. Fisher*, 299 F.R.D. 56 (E.D.N.Y. 2014); *Durso v. Modern Food Ctr., Inc.*, No. 17-CV-7357, 2019 U.S. Dist. LEXIS 83731 (S.D.N.Y. May 16, 2019); *Sea Hope Navigation, Inc. v. Novel Commodities* SA, 978 F. Supp. 2d 333 (S.D.N.Y. 2013). Because default is disfavored and reserved for "rare occasions," any doubt as to whether relief from a default should be granted must be resolved in favor of the defaulting party so that the case may be tried on its merits. See *Peoples*, 299 F.R.D. 56; *Durso*, 2019 U.S. Dist. LEXIS 83731; *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.,* No. 01-CV-2950, 2002 U.S. Dist. LEXIS 21917 (S.D.N.Y. Nov. 12, 2002). As the courts applying *Enron* have explained,

default is a weapon of last, rather than first, resort. See *Diarama*, 2002 U.S. Dist. LEXIS 21917.

Because no default judgment has been entered against the County, the applicable standard is the lenient "good cause" standard of Rule 55(c), not the more demanding "excusable neglect" standard of Rule 60(b) that governs vacatur of a final default judgment. See *Enron*, 10 F.3d 90; *Peoples*, 299 F.R.D. 56; *Durso*, 2019 U.S. Dist. LEXIS 83731. That distinction matters: because finality and litigation repose are not yet implicated at this early stage, Rule 55(c)'s good-cause standard is markedly more forgiving than Rule 60(b), and it is the standard that should govern the Court's evaluation of the County's Answer here. See *Peoples*, 299 F.R.D. 56; *Sea Hope*, 978 F. Supp. 2d 333.

**The County Satisfies *Enron's* Three-Factor Good Cause Test**

*Enron* directs courts to assess three principal criteria in determining whether good cause exists to excuse a delay and accept a late answer: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party has presented a meritorious defense. See *Enron*, 10 F.3d 90; *Durso*, 2019 U.S. Dist. LEXIS 83731; *Sea Hope*, 978 F. Supp. 2d 333. Each factor favors the County.

**A. The Less-Than-One-Week Delay Was Not Willful**

The Court must assess whether the County's delay was intentional or, instead, the product of a good-faith mistake. See *Enron*, 10 F.3d 90; *Sea Hope*, 978 F. Supp. 2d 333. A brief, six-day delay arising from inadvertence, procedural confusion, or oversight does not constitute willful default, particularly where the party has otherwise made a good-faith effort to comply with the Court's rules. See *Enron*, 10 F.3d 90; *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986 (E.D.N.Y. 1995). Indeed, courts in this District have analyzed comparable and even longer delays — including a two-week delay in responding to an amended complaint caused by a mistaken understanding of the applicable motion and adjournment procedures — under these same willfulness principles, and found them consistent with good faith rather than deliberate default. See *Mathon*, 875 F. Supp. 986. Here, the County's one-week delay resulted from the prior handling Deputy County Attorney (DCA) leaving the office between the time the amended complaint was filed but right before the deadline for the Answer was due and in an oversight the prior DCA forgot to relay the information before leaving service; as soon as the undersigned became aware, an Answer was filed and I contacted the plaintiff's counsel; this reflects, at most, good-faith carelessness — not willful default.

**B. Plaintiff Not Only Suffers No Cognizable Prejudice,**
**But Consents to Accepting the Answer**

A one-week delay in answering an amended complaint, particularly at this early stage before discovery has meaningfully proceeded, is highly unlikely to cause any cognizable prejudice to Plaintiff. See *Enron*, 10 F.3d 90; *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293 (2d Cir. 2009). Plaintiff cannot identify any lost evidence, increased difficulty of discovery, or opportunity for fraud or collusion attributable to the less-than-one-week delay, and none exists here. Indeed, the plaintiff has consented to accept the County's Answer.

**C. The County Has a Meritorious Defense**

Finally, the County can present a meritorious defense to the allegations in the Amended Complaint. A defense is meritorious under *Enron* if it addresses the substance of the claims asserted. Here, the County's Answer clearly meets that requirement. This is sufficient to satisfy the meritorious-defense prong of the *Enron* inquiry.

**Policy Strongly Favors Resolving This Case on the Merits Rather Than Imposing the "Extreme Sanction" of Default**

Beyond the three enumerated factors, *Enron* permits the Court to weigh other equitable considerations, including whether the procedural lapse was a good-faith mistake, the brevity of the delay, and whether enforcing a default would produce a harsh or unfair result. See *Enron*, 10 F.3d 90; *Durso*, 2019 U.S. Dist. LEXIS 83731; *Sea Hope*, 978 F. Supp. 2d 333. Ultimately, whether to accept the late-filed Answer rests in the sound discretion of the Court, which is best positioned to evaluate the parties' good faith and to balance the interest in clearing the docket against the County's interest in a reasonable opportunity to be heard on the merits. See *Sea Hope*, 978 F. Supp. 2d 333; *Diarama*, 2002 U.S. Dist. LEXIS 21917. Given the brevity of the delay, the absence of prejudice, and the County's good-faith conduct, that discretion should be exercised in favor of accepting the Answer.

**Conclusion**

For the foregoing reasons, the County respectfully requests that the Court accept the County's Answer to the Amended Complaint as timely filed, deem any anticipated motion for default moot, and grant such other and further relief as the Court deems just and proper.

Respectfully,

/s/*Steven Dalton*
Steven Dalton
Deputy County Attorney
Office of the County Attorney
1 West Street
Mineola, New York